# MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 06 2015, 8:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Stacy K. Newton
Jackson Kelly PLLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE
SOUTH SPENCER SCHOOL
CORPORATION

Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

Krystal Lechner
Kightlinger & Gray, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE
CLIFF HAGAN'S BOYS' CLUB

Danny E. Glass
John J. Kreighbaum
Fine & Hatfield
Evansville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Grant Johnson, Minor Child, by his Mother and Father, Don Johnson and Janice Johnson, <br><br> *Appellants-Plaintiffs,* <br><br> v. <br><br> South Spencer School Corporation and Cliff Hagan's | October 6, 2015 <br><br> Court of Appeals Case No. 74A04-1501-PL-16 <br><br> Appeal from the Spencer Circuit Court <br><br> The Honorable Jonathan A. Dartt, Judge <br><br> Cause No. 74C01-1205-PL-284 |

Boys' Club of Owensboro,
Kentucky, Inc.,

*Appellees-Defendants*

**Baker, Judge.**

Appellee Cliff Hagan's Boys' Club (the Boys' Club) has filed a petition for rehearing, raising multiple arguments regarding our decision in this matter. We grant the petition for the limited purpose of addressing the third argument raised by the Boys' Club.

The Boys' Club correctly points out that we erroneously relied on evidence regarding ongoing name-calling that stems from depositions that were taken when the Boys' Club was not present. Moreover, the name-calling incidents were not part of the amended complaint.

In relevant part, Indiana Trial Rule 32(A) states that depositions "may be used against any party who was present or represented at the taking of the deposition . . . or against any party who had reasonable notice thereof . . . ." In this case, the Boys' Club was not present or represented at the deposition in question, nor did it have reasonable notice thereof. As a result, the deposition testimony of Grant and Janet Johnson may not be used to create a genuine issue of material fact against the Boys' Club. We therefore strike the portions of our decision that rely on such evidence with respect to the Boys' Club.

[4] Our conclusion herein does not change the outcome of the appeal, however, inasmuch as there was a wealth of other evidence creating issues of material fact with respect to the Boys' Club. Specifically, the following incidents occurred during the Boys' Club after school program: (1) in May 2011, Myah pulled a jump rope around Grant's neck in a malicious manner; (2) during the 2010-11 school year, Jarron broke Grant's Nintendo DS; and (3) in September 2011, Desmond pulled Grant's legs while Grant was swinging, causing severe bruising to Grant's legs. The Boys' Club did not take any remedial action with respect to the student-to-teacher ratio as a result of these incidents. As we stated in our original decision, reasonable factfinders could differ as to whether the actions taken by the Boys' Club went far enough to meet a standard of reasonable and ordinary care. It is for a factfinder to resolve this question; consequently, summary judgment was inappropriately granted and the judgment of the trial court is reversed and remanded.

[5] In all respects aside from the limited discussion herein, we deny the Boys' Club petition for rehearing.

[6] Najam, J., and Robb, J., concur.